IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BOBBY A. TROTTER #L4136**                                                     **PLAINTIFF**

v.                                        **CIVIL ACTION NO. 5:15-CV-34-DCB-MTP**

**HEAD WARDEN FRANK SHAW, et al...**                             **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [18] filed by Defendants Management & Training Corporation, Frank Shaw, and Gabriel Walker and the Motion for Summary Judgment [22] filed by Plaintiff Bobby A. Trotter. Having considered the Motions, the record, and the applicable law, the undersigned recommends the Defendants' Motion for Summary Judgment [18] be granted, and Plaintiff's Motion for Summary Judgment [22] be denied, and this matter be dismissed without prejudice.

### BACKGROUND

On April 22, 2015, Plaintiff Clifton Bobby A. Trotter, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was housed at Wilkinson County Correctional Facility ("WCCF").[1] In his complaint Plaintiff asserts that on January 28, 2015, he was assaulted by two other inmates in his housing unit at WCCF and that inmates stole personal belongings from his cell following the alleged incident. Plaintiff claims Defendants violated his constitutional right under the Eighth Amendment by failing to protect him from harm by other inmates.

As relief, Plaintiff seeks to be compensated for the items that were stolen, and that "action" be taken against the prison staff that failed to protect him. On September 8, 2015, Defendants filed their Motion for Summary Judgment [18], arguing that Plaintiff failed to exhaust administrative

---

[1] Plaintiff is currently housed at East Mississippi Correctional Facility.

1

remedies. Plaintiff also filed a Motion for Summary Judgment [22] on December 3, 2015, which the Court construes as a response to Defendant's motion. Plaintiff argues that he filed timely grievances and exhausted his administrative remedies.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.*  However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

In their Motion for Summary Judgment [18], Defendants assert that Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  The Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272.  Because exhaustion is an affirmative

defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id.* at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "[P]roper exhaustion" means "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including *deadlines*, as a precondition to bringing suit in federal court." *Id.* at 88. (emphasis added). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The record demonstrates that an Administrative Remedy Program ("ARP") was in place at WCCF during Plaintiff's placement there. (Affidavit of Janice Fountain – Administrative Remedy Program Director [18-1] at 1.) The ARP process at WCCF has two steps. *See id.* The first step is a written grievance, and the second step is the appeal of a denied grievance.

On April 22, 2016, Plaintiff filed the present action. *See* Complaint [1]. The record reflects that Plaintiff then submitted his first grievance in the ARP process regarding this incident on April 24, 2015. (ARP Record [18-1] at 5.) However, Plaintiff' grievance was rejected because more than 30 days had elapsed between the incident and the filing of the claim.[2]

In his motion for Summary Judgment [22] Plaintiff alleges that he filed a timely grievance on March 19, 2015, and submits an inmate grievance form receipt in support of this assertion. *See* [23-

---

[2] The rejection states because "there has been a time lapse of more than fifteen (30)[sic] days between the event and the initial request[.]" The alleged incident occurred on January 28, 2015. Plaintiff filed his first step grievance on April 24, 2015. [18-1] at 5.

3

1]. The ARP receipt that Plaintiff attached to his motion does not include any information regarding the incident alleged in this present action. However, even if Plaintiff had submitted a grievance on March 19, 2015, regarding the claims raised in this lawsuit his grievance still would have been rejected as untimely under the ARP policy since it was more than 30 days past the date of the alleged incident. Furthermore, Plaintiff submitted nothing to show that this grievance submitted on March 19, 2015, had been exhausted through the two step ARP process.

The record supports a finding that Plaintiff did not exhaust his administrative remedies before filing suit. Plaintiff filed his ARP grievance regarding this alleged incident April 24, 2015. *See* [18-1] at 5. He filed the present action on April 22, 2015, two days *before* he filed his ARP grievance. *See* Complaint [1]. Furthermore, Plaintiff's ARP grievance was rejected by WCCF officials on procedural grounds as it was filed thirty days past the alleged incident. As Plaintiff did not exhaust his administrative remedies his claims against the Defendants should be dismissed. *See Woodford*, 548 U.S. at 88("[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including *deadlines*, as a precondition to bringing suit in federal court."); *see also Johnson v. Ford*, 261 F. App'x 752, 756 (5th Cir. 2008)(holding that plaintiff did not exhaust administrative remedies when his first step grievance was procedurally barred by a fifteen day deadline).

### CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [18] be GRANTED,
2. Plaintiff's Motion for Summary Judgment [22] be DENIED,
3. Plaintiff's claims against all Defendants be **dismissed without prejudice.**

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of February, 2016.

s/ Michael T. Parker<br>
United States Magistrate Judge